UNITED STATES DISTRICT COURT
for the DISTRICT of COLUMBIA

| | |
|---|---|
| TONY ROBINSON ) | Date Filed: |
| Petitioner, pro se ) | Case No: |
| DCDC# 221-495 ) | |
| CCA-CTF ) | **FILED** |
| 1901 E Street, SE ) | DEC 2 8 2005 |
| Washington, D.C. 20003 ) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |
| V. | |
| United States Parole Commission ) | |
| 5550 Friendship Boulevard ) | |
| Chevy Chase, MD 20815, ) | CASE NUMBER  1:05CV02487 |
| Respondent ) | JUDGE: Colleen Kollar-Kotelly |
| | DECK TYPE: Habeas Corpus/2255 |
| and | DATE STAMP: 12/28/2005 |
| ALBERTO R. GONZALES, ) | |
| U.S. Attorney General ) | |
| United States Department of Justice ) | |
| 950 Pennsylvania Avenue, NW ) | |
| Washington, DC 20530, ) | |
| Respondent | |
| and | |
| FRED E. FIGUEROA, Warden ) | |
| CCA-CTF ) | |
| 1901 E Street, SE ) | |
| Washington, DC 20003, ) | |
| Respondent ) | |

Petition for WRIT of HABEAS CORPUS
Pursuant to Title 28 U.S.C. §2241 and §2243

To the Honorable Justice/Magistrate of the United
States District Court for the District of Columbia:

TONY ROBINSON,
Petitioner, pro se

COMES NOW Petitioner, TONY ROBINSON, a D.C. Code offender, who is presently incarcerated at CCA-CTF, an institution whose address is 1901 E Street, Washington, D.C., 20003, by order of the United States Parole Commission, (Respondent) and in custody of the United States Attorney General, Alberto R. Gonzalez, (Respondent) and the custodial supervision of Fred E. Figueroa, Warden, Central Treatment Facility, (Respondent) under the authority of 28 U.S.C. Sections 2241 and 2243, and FRCP 81 (a)(2), respectfully requests that this Court grant his petition for Writ of Habeas Corpus; ordering the United States Parole Commission (Respondent) to respond; and show CAUSE why petitioner should remain unlawfully incarcerated; and be subject to parole revocation proceedings.

Petitioner, TONY ROBINSON, in support of this petition, offers the foregoing Statement of Facts, Exhibits, and Memorandum of Legal Arguments, and prays that this court will accept this filing and give immediate attention and consideration; and grant the relief requested. Petitioner makes this request in good faith, and avers that he has not previously filed a Petition for Writ of Habeas Corpus based on this cause of action; and has exhausted all institutional administrative remedies available to him, and is therefore entitled to seek Habeas Corpus relief in this Court.

# STATEMENT of FACTS

1. Petitioner, TONY ROBINSON, a D.C. Code offender, whose D.C.D.C. no. is #221495, is currently incarcerated at the CCA-CTF, located at 1901 E Street, SE, Washington, DC 20003.

2. Petitioner is in the custody of the United States Attorney General, ALBERTO R. GONZALES; and under the direct supervision Warden FRED E. FIGUEROA, (CCA-CTF) by order of the United States Parole Commission.

3. At the time of this filing for WRIT of HABEAS CORPUS, petitioner has been incarcerated for 50 days without a preliminary hearing, i.e. since his arrest by US Marshals on 10/18/05.

4. Petitioner was released on Parole by the United States Parole Commission (U.S.P.C.) on 9/5/1997, petitioner has a full term date (end of supervision) of 1/26/18.

5. Petitioner was arrested (retaken into custody) by the US Marshals on 10/18/05 on a parole violator warrant. (see attached Exhibit 'A') He was taken to U.S. District Court and the warrant was executed the same day. Petitioner was then returned to the D.C. Jail (CDF) for processing and incarceration.

05 2487

6. Petitioner was transferred to the CTF on or about 11/04/05, where he presently remains incarcerated.

**FILED**

DEC 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

7. CSO DAREK THOMAS filed an application for a parole violator warrant from the U.S. on 9/27/05, chiefly based on a violations report he submitted dated 6/28/05.

TONY ROBINSON,
Petitioner, pro se

8. Petitioner states that said warrant should be <u>invalidated</u> for several reasons, including its' inclusion of "cancellation" charges (that occured <u>prior to</u> petitioner's release on parole; and a charge (no. #3) for which petitioner has served his sentence, and has been <u>released</u> back on parole, giving petitioner a protected liberty interest. (see Legal Arguments)

9. Petitioner further states that this (law violation) charge no. #3 is almost <u>4 years</u> old, and that both petitioner and his wife were told by CSO <u>DAREK THOMAS</u> that this conviction would <u>not</u> be used/brought up later as a basis for (parole) revocation. To allow this charge to be considered would violate petitioner's <u>Due Process</u>, and would go against fundamental fairness in these revocation proceedings.

10. In re. to charge no. #3, (law violation) petitioner was held in 2002 case on a <u>detainer</u> from Montgomery County for his involvment in 1996 case. (see "Cancellation Charge-pg. 1, warrant application) Petitioner was <u>released</u> to detainer and transported to jurisdiction, where he pled guilty, and was sentenced, on <u>12/13/02</u>.

11. Petitioner was released on a bond status in 9/02, but no violations report was written based on the charges; CSO <u>THOMAS</u> was in regular contact with petitioner, and said to petitioner "just bring me your (court) paperwork to my office." Petitioner continued to report regularly to CSO and comply with drug use surveillance as instructed.

③

TONY ROBINSON,
Petitioner, pro se

12. Petitioner, while under regular supervision, <u>successfully</u> completed 3 year term of unsupervised probation term of his sentence for 1996 case. CSO <u>THOMAS</u> was always aware of his probationary status, and knew of conviction(s) (see also 2002 case) but opted <u>not</u> to violate petitioner.

13. The U.S.P.C. has <u>denied</u> petitioner any kind of preliminary/probable cause hearing due to petitioner's conviction(s) and sentence(s), thereby <u>precluding</u> him from obtaining any discovery material; (parole file) and preventing him from requesting a <u>local</u> revocation hearing, in order to request and confront adverse witnesses, a minimal requirement of all parole revocation procedures. (see Legal Arguments; cf. <u>Morrissey</u> decision)

14. At a <u>preliminary</u> hearing, petitioner will <u>DENY</u> charge no. #1; the basis for his denial will be his assertion that the dates (occassions) are incorrect, and that the actual amount of "missed" tests (samples) will be significantly less than the alleged quantity. Also, <u>no</u> documentation or evidence, i.e. "SMART" report was offered to petitioner to corroborate CSO THOMAS' allegations on violations report.

15. At a <u>preliminary</u> hearing, petitioner will also <u>DENY</u> charge no. #2; the basis for his objections (denial) will be the same as those for charge no. #1. (see above, SoF #14)

16. At a <u>preliminary</u> hearing, petitioner will also <u>DENY</u> charge no. #4; the basis for his denial will be his assertion that he <u>never</u> officially changed residence, and that CSO <u>THOMAS</u>

TONY ROBINSON,
Petitioner, pro se

has made a false statement(s) when he said that petitioner's whereabouts are unknown. Petitioner will testify that he provided his CSO with multiple addresses and contact information for other residences at which he may contact him in the event his wife "put him out," which never happened. Petitioner challenges the U.S. Parole Commission to offer any evidence that petitioner moved residences, moved his belongings/property, or requested that his legal address be changed on any document or identification.

17. In 2003 petitioner was sanctioned for his relapse and repeated drug use, and was ordered to enter 30 day inpatient drug program, which he successfully completed. By his participation, and having been formally "punished," this behavior/conduct should be considered as 'disposed of', and no violation (charge) should stand on this basis without implicating Double Jeopardy.

18. In 2004 petitioner successfully completed a 90 day outpatient drug treatment and counseling program.

19. In 5/05, and continuing through 6/05, petitioner was again sanctioned by CSO THOMAS' supervisor, Mr. OBEKE (spelling?) for positive drug tests, and to correct/deter CSO THOMAS' negligent case management duties in supervision of petitioner. Petitioner successfully completed the terms of the sanction in 6/05, and was told "everything was OK now."

20. In 7/05, petitioner relapsed into drug use and stopped providing urine samples, but continued to report to supervision officer

TONY ROBINSON,
Petitioner, pro se

as instructed. Petitioner maintained the same residence, and was even available for a home visit by CSO THOMAS. (towards the end of 6/05)

21. CSO DAREK THOMAS wanted petitioner to (again) enter an inpatient drug program, but petitioner explained that he would lose his job; alternatively, petitioner, of his own will and means, sought drug treatment and counseling through a job referral outpatient program.

22. On 8/22/05 CSO DAREK THOMAS wrote another violation(s) report to the U.S.P.C. which was never discussed with petitioner. Petitioner felt "backstabbed," and stopped reporting to CSO altogether.

23. Due to the nature (technical) of the violations, and the inconsistencies in the statements made in the violation(s) report (6/28/05) the only way for petitioner to receive a fair revocation hearing is to be given a preliminary hearing, and the opportunity to request a local revocation hearing, in order to confront adverse witnesses. (CSO THOMAS, SPVR. OBEKE)

24. Petitioner's rights are being violated in that a preliminary (probable cause) hearing should be held within five (5) days of being retaken into custody, therefore, his petition for WRIT should be granted, and requested relief should be given petitioner, and he should be released to a summons by the U.S. Parole Commission.

10/18/05

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |
| | (Cancellation/Revocation Charges) |

Name .............................. Robinson, Tony

Reg. No. ........... 27278-016

DCDC No. ...................... 221-495            Date ............................................ September 27, 2005
FBI No. .......................... 218 202 EA3     Termination of Supervision ...... 1-26-2018
Birth Date ...................... 12-21-61         [If Conviction Offense Before April 11, 1987 And
Race ............................... Black          Offender Is On Mandatory Release, Termination
                                                    Date Is 180 Days Prior To Full Term]
                                                    Violation Date ........................... 12-14-2001
                                                    Released ...................................... September 5, 1997

Sentence Length ........... 30 years (Original); 7,806 days (Parole Violator Term)
Original Offense ............. Burglary I (2 Counts); Burglary II (2 Counts)

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

05 2487
FILED
DEC 28 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CHARGES:
### CANCELLATION CHARGE:

Charge No. 1 - Law Violation – Burglary 1st Degree (Residential). On 5-24-96, the releasee unlawfully entered the residence located at 7124 Woodland Avenue, Takoma Park, MD, with the intent to commit a theft. The releasee was arrested by the Montgomery County Police for the above-cited offense on the same date. On 12-13-2002, the releasee pled guilty to the above-cited offense in the Montgomery County Circuit Court and was sentenced to 10 years, suspended, with 3 years unsupervised probation. This charge is based on the information contained in the violation report dated 6-28-2005 from supervising officer Darek

Thomas, the collateral response dated 8-24-2005 from the U.S. Probation Office, Baltimore, Maryland, an indictment dated 7-11-96, and a judgment dated 12-13-2002. Status of Custody/Criminal Proceedings: Convicted and sentence served.
I ADMIT [ ] or DENY [ ] this charge.

## REVOCATION CHARGES:

**Charge No. 1 - Failure to Submit to Drug Testing.** Between 12-14-2001 and 6-27-2005, the releasee failed to submit urine specimens on 21 occasions. This charge is based on the information contained in the violation report dated 6-28-2005 from supervising officer Darek Thomas.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** Between 12-18-2001 and 6-20-2005, the releasee submitted 33 urine specimens which tested positive for cocaine. This charge is based on the information contained in the violation report dated 6-28-2005 from supervising officer Darek Thomas and corresponding drug report dated 6-28-2005.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Law Violation — Receiving Stolen Property (Auto).** On 7-3-2002, the releasee was found in possession of a stolen 2002 Toyota automobile. The releasee was arrested by the Arlington, Virginia, Police for the above-cited offense on the same date. On 8-22-2002, the releasee pled guilty to the above-cited offense in the Arlington County General District Court and was sentenced to 12 months with 6 months suspended. This charge is based on the information contained in the violation report dated 6-28-2005 from supervising officer Darek Thomas, the collateral response dated 8-5-2005 from the U.S Probation Office, Alexandria, Virginia, a police report dated 7-3-2002, and a judgment dated 8-22-2002. Status of Custody/Criminal Proceedings: Convicted and sentence served.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Failure to Report Change in Residence.** The releasee left his last known residence on or before 6-5-2005 and failed to report a new residence to the supervising officer within 48 hours. The releasee's whereabouts are unknown. This charge is based on the information contained in the violation report dated 8-2-2005 from supervising officer Darek Thomas.
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Not Required**

Warrant Recommended By:

Warrant Issued.................. September 27, 2005

Scott Kubic, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: General Supervision Unit II-Team 31, 1418 Good H— Road

## MEMORANDUM of LEGAL ARGUMENTS

Parole revocation is the administrative procedure through which a person (Petitioner) who has been released from a prison sentence on parole is retaken into custody, and reincarcerated, for violation(s) of parole. Since parole is a constitutionally protected "liberty interest", due process (5TH and 14TH amendments) requires that a state exercise basic principles and respect rights of fair treatment when it seeks to revoke parole and conduct revocation proceedings. These fundamental rights were first promulgated in the Supreme Court decision of _Morrissey v. Brewer_, 408 U.S. 471 (1982). These procedures were further refined, as a result of extensive prisoner litigation, and upheld by later decisions such as _Long v. Gaines_, 167 F.Supp 2d 75 (D.C. 2001). Cf. _Long v. Gaines_, rem order/judgement 173 F.Supp 2d 35 (D.C. 2001).

Petitioner, TONY ROBINSON, in this Petition for WRIT of HABEAS CORPUS, alleges that the United States Parole Commission (Respondent) has violated several of his constitutional rights; and has contravened its' own regulations, practices and procedures in conducting parole revocation proceedings in his case. Petitioner further avers that due to the nature and extent of the U.S.P.C.'s (the Parole Commission ~ Respondent) violations, the only appropriate relief would be to grant Petitioner' WRIT, and enter the proposed ORDER (enclosed) as a final judgement in his case.

Petitioner states that it has been evident, at least for the last 5 years, that the U.S.P.C. continues to act negligently, and without concern for the rights of paroless, he further states that the U.S.P.C. is incapable of following its own regulations, for a myriad of reasons, and is impotent to correct its behavior. Therefore, petitioner looks to this Court for remedial action and relief. "The alarming state of affairs at the Commission is clear to the Court, not only from the evidence submitted by the plaintiffs in this case, but from the Commission's own proposed findings of fact and

TONY ROBINSON,
Petitioner, pro se

conclusions of law, submitted to this Court on June 12, 2001." (*Long*, supra, at 77)

Petitioner avers that the proper vehicle for requesting relief from the U.S.P.C. is a petition for Habeas Corpus, under Title 28 U.S.C. §2241; and that the judicial review of parole decisions lies within the auspices of a federal question, thereby giving the U.S. District Court [for the District of Columbia] jurisdiction, and designated it as the proper venue. *Andrino v. United States Parole Commission*, 550 F2d 519, 520 (9th Cir. 1977)(per curiam)

"[An agency] is bound by its' own validly promulgated regulations." *Abdullah v. Roach*, 668 A2d 801, 805 (D.C. 1995). "A regulation has the force and effect of law, much like a statute." *Hutchinson v. District of Columbia*, 710 A2d 227, 234 (D.C. 1998). "Indeed, it has long been a 'well accepted principle that rules of practice, pleading, procedure and evidence promulgated by an administrative agency [U.S.P.C.~Respondent] under proper legal authorization have the force and effect of law.'" *Teachey v. Carver*, 736 A2d 998 (D.C. 1999), quoting *Mallary Coal Co. v. National Bituminous Coal Commission*, 69 App. D.C. 166, 99 F2d 399, at 406 (1938). The U.S.P.C.'s "parole regulations, having been duly promulgated, they are the law, and the Board [Commission] must follow them unless and until they have been rescinded or amended in the manner prescribed by law." (*Teachey*, supra, at 1003)

As in all the above cases, petitioner asserts that, in attempting to revoke his parole, the U.S.P.C. has repeatedly failed to observe fundamental due process procedures guaranteed to parolees by the U.S. Supreme Court in the *Morrissey* decision; these include the granting of a preliminary [probable cause] hearing "reasonably near the time and place of any arrest on a parole warrant;" the right to a local revocation hearing within 60 days of having conducted a preliminary hearing; the right to an

(3)

TONY ROBINSON                    ,
Petitioner, pro se

institutional hearing within 90 days of being retaken into custody on a parole violator warrant, and the right to confront adverse witnesses at such a revocation hearing, unless the hearing examiner/officer specifically finds good cause for not allowing confrontation; among others. Petitioner is only concerned with these rights for the purposes of his petition for WRIT. ~~Petitioner avers in his Statement of Facts, that he has been denied an institutional revocation hearing within the 90 days time allowance~~; furthermore, by not granting petitioner a preliminary hearing, petitioner was precluded from requesting a local revocation hearing, thereby "disqualifying" him from requesting the presence of adverse witnesses for cross examination, such as his Community Supervision Officer. "A revocation hearing must be held within a reasonable time after the parolee's rearrest." United States ex rel. Buono v. Kenton, 287 F.2d 534 (2nd Cir. 1961) "If detention extends beyond a reasonable time, habeas corpus will lie during that period." (Buono, supra, at 536) Cf. Escoe v. Zerbst, 295 U.S. 490, 494, 55 S.Ct. 818 (1939).
"This court finds the lapse of 123 days between the request and the hearing is unreasonable. More than three (3) years have elapsed since the alleged violations. The opportunity to obtain and present contravening evidence appears difficult enough without the added delay here." United States ex. rel. Vance v. Kenton, 252 F.Supp 344 (Conn. 1966).
"Administrative convenience alone cannot justify a parolee's incarceration in suspense for an unreasonable length of time." (Vance, supra, at 346) "Nor is the petitioner's admission of violation(s) an extenuating circumstance which, as the respondent argues, excuses the delay." Id.
"An accused violator, therefore, should be presented within a reasonable time not only to respond to the charges against him, but also to attempt to

TONY ROBINSON
Petitioner, pro se

④

convince the Board that, notwithstanding the violation(s), his parole should be continued under the same, or some other terms and conditions." *United States ex rel. McCreary v. Kenton*, 190 F. Supp. 689, 691 (D. Conn. 1960)

~~Petitioner, TONY ROBINSON, like petitioner WILLIAM M. VANCE, ("Vance") has been incarcerated more than the 90 days specified in the U.S.P.C.'s regulations without a revocation hearing, and thus should be entitled to the same relief as petitioner VANCE, i.e. "be discharged from the custody of the Attorney General [Respondent] or his authorized representative..." (Vance, supra, at 346)~~

"Each case must be decided on its' own merits. Relevant considerations necessarily include the 1) time lapse between issuance and execution of the warrant, 2) the efforts of the Board to serve it, and 3) the conduct of the parolee in frustrating service." *United States v. Gernie*, 228 F. Supp. 329, (S.D.N.Y. 1964). Petitioner avers that, under no circumstances, and in no way frustrated service, or evaded the custody of the U.S.P.C. and the Attorney General. He also made several attempts to notify the U.S.P.C. of his incarceration, and, through numerous letters, telephone calls, and the efforts of counsel [Public Defender Service], notify the U.S.P.C. of the prejudicial delay in the revocation proceedings. Petitioner has done everything in his capacity, and has exhausted all his administrative remedies, in attempting to obtain a revocation hearing according to the guidelines and regulations of the U.S.P.C.

"Fairness limits the power of the Board arbitrarily to withhold service of a warrant on a parolee who is under supervision." (*Vance*, supra, at 345)

"It is enough if an inmate "presents an allegation and supporting facts which, if borne out by proof, would entitle him to relief." *Bennet v. Ridley*, 633 A2d 824 (D.C. 1993), quoting *Price v. Johnston*, 334 U.S. 266, at 292, 68 S.Ct. at 1063 Petitioner avers that his case,

TONY ROBINSON,
Petitioner, pro se

as evidenced by his Statement of Facts, and supported by his Legal Arguments, presents an allegation of violation(s) of his constitutional rights, as set forth in the Morrissey decision; and the proof is sufficient to warrant relief in the form of discharge from the unlawful custody of the U.S.P.C. and the Attorney General.

"On a petition for a writ of Habeas Corpus, the Court does not review the merits of the Board's decision, but only "whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted," in order to determine whether there has been an abuse of discretion." Bennett v. Ridley, 633 A.d. 824 (D.C. 1993).

In at least two (2) Federal cases parole warrants have been invalidated because of an unreasonable delay between issuance and execution. See United States v. Gernie, 228 F. Supp. 329 (1964), and United States v. Ragen, 59 F. Supp. 374 (1945).

"When the parolee is prejudiced by the Board's failure to hold a prompt hearing, the parolee is entitled to an order of unconditional release." Shelton v. U.S. Board of Parole, 388 F.2d 567, (C.A.D.C. 1967), quoting Boswell v. U.S. Board of Parole, infra.

"Wholly different problems are raised where the violator [petitioner] is in custody solely pursuant to a warrant, and awaiting a hearing on the fact of the violation. In such cases, Habeas Corpus has been held to lie to compel a prompt hearing irrespective of any showing of prejudice accruing from the delay." (Buono, supra, at 535) Cf. Shelton, supra, no. 11 at 575.

"We think the issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch." (Shelton, supra, at 574) Cf. United States v. Gernie, supra, and People v. Winfrey, 20 NY2d 138, 228 N.E.2d 808 (1967). Petitioner avers that execution of a warrant almost 3 years

TONY ROBINSON,
Petitioner, pro se

after its issuance is prejudicial, and that the U.S.P.C., while still having the custodial jurisdiction (supervision) on the parolee, has lost the right to revoke parole based on the alleged violation(s) giving rise to application for, and issuance of said warrant.

With respect to the petitioner's right to confront, and cross examine adverse witnesses, petitioner argues that he did not waive his right to confront adverse witnesses by failing to qualify for a local revocation hearing, as a result of the Dagget decision, involving convictions on new criminal conduct. "[But] the government cannot circumvent the Morrissey right to confront adverse witnesses by limiting the type of revocation hearing available to a parolee who admits some, but not all, parole violations." White v. White, 925 F2d 287, (C.A. 9th Cir. 1989) Petitioner further argues that so much time has lapsed since the alleged violation(s) that he may not be able to locate adverse witnesses; and that their testimony would be suspect due to facts and circumstances being forgotten, making their testimony during a cross examination unreliable, and possibly irrelevant. Petitioner also avers that the U.S.P.C., by delaying its execution of the warrant, precluded him from any benefits from concurrent running of his Federal and State sentences. Had a revocation hearing been conducted during his incarceration, all, or part of, his parole violation time would have been served. In the case Cleveland v. Ciccone, 517 F2d 1082 (8th Cir. 1975), the Court decided [held] that "a parolee's right to a prompt revocation hearing is not suspended by the fact that he is serving an intervening sentence." (Cleveland at 1089) Petitioner, like the petitioner [appellant] in Cleveland, could obtain outright release by showing "demonstrable prejudice severe enough to render the revocation hearing itself inadequate in terms of relief." Petitioner avers that he has shown such prejudice in his case.

TONY ROBINSON_____,
Petitioner, pro se

WHEREFORE petitioner respectfully requests that this Court issue a Writ of Habeas Corpus *ad subjiciendum*, commanding respondent(s) to produce the body of petitioner before this Honorable Court; so that Your Honor may further inquire into the lawfulness of respondent's custody of petitioner.

Petitioner offers the above <u>Statement of Facts</u>, <u>Exhibits</u>, and <u>Memorandum of Legal Arguments</u> in support thereof, in good faith. Petitioner avers that the decisions (cases) cited as Authority in his petition are binding upon this Court. In consideration of these decisions and their holdings, and any other such cases, as cited in petitioner's Motion for Writ; and this Court's authority to grant such Writ, petitioner prays that this Court will grant him RELIEF ~~in the form of release from unlawful custody, and further requests that this Court ORDER that petitioner be reinstated to his original parole term, and ESTOPP the United States Parole Commission (Respondent) from proceeding with a revocation hearing, at any time in the future, based upon charges contained in the violator warrant obtained for petitioner's retaking into custody.~~ To allow such a proceeding [hearing] at this time, or in the future, under these circumstances, would be prejudicial to petitioner; and in violation of his constitutional rights; and further requests any other such relief he may be entitled to.

Dated and submitted this \_1st\_ day of December, 2005.

I, TONY ROBINSON_____, Petitioner, pro se, under penalty of perjury and under oath, have read and subscribed to the above set forth

# CERTIFICATE of SERVICE

I, TONY ROBINSON, Petitioner, filing this Petition pro se, hereby certify that I have furnished true and correct copies of Petitioner's Petition for WRIT of HABEAS CORPUS pursuant to Title 28 U.S.C. §2241 and §2243, via U.S. Mail, ("Service") to all respondents named below, at their respective mailing addresses.

Dated and submitted this 1st day of December, 2005.

> Tony Robinson                    , pro se
TONY ROBINSON
DCDC # 221-495
CCA-CTF
1901 E Street, SE
Washington, DC 20003

COPIES TO— ✓United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

✓ALBERTO R. GONZALEZ,
U.S. Attorney General
c/o U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

✓FRED E. FIGUEROA,
Warden
CCA-CTF
1901 E Street, SE
Washington, DC 20003

TONY ROBINSON,
Petitioner, pro se

petition, and the information therein is true and correct.

> *Tony Robinson*
TONY ROBINSON                  , pro se
DCDC # 221495
CCA-CTF
1901 E Street, SE
Washington, D.C. 20003

Subscribed and sworn to before me on this 6th day of December, 2005.

> *Phoenix C. Ishmon*
NOTARY

Phoenix C. Ishmon
Notary Public, District of Columbia
My Commission Expires 07-31-2006