# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TONY ROBINSON,                :
      Petitioner          :       **Civil Action No. 05-02487 (CKK)**
                      :
                      :
  v.                   :
                      :
U.S. PAROLE COMMISSION, et. al,  :
      Respondents     :

## FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S
## PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the

District of Columbia, respectfully submit their opposition to the petitioner's pro se petition for a

writ of habeas corpus. In support of his petition, the petitioner claims that he should be released

because (1) the U.S. Parole Commission ("the Commission") did not provide a probable cause

hearing and a local revocation hearing at which he could confront adverse witnesses and instead

is scheduling an institutional revocation hearing; (2) the Commission does not have the authority

to revoke his parole based on a criminal conviction which occurred during a prior period of

parole; (3) the Commission can not rely on his 2002 convictions to revoke his parole because of

the delay in the issuance of the parole violator warrant and because his supervision officer

allegedly advised him that his 2002 convictions would not be used as a basis to revoke his

parole; and (4) the Commission has not provided his institutional revocation hearing in a timely

manner.

The petitioner's petition for a writ of habeas corpus should be denied because (1) the

petitioner was not entitled to a probable cause hearing; (2) the petitioner is properly scheduled for

-1-

an institutional hearing rather than a local revocation hearing; and (3) the petitioner has not

shown prejudice as a result of the delay in the issuance of the latest parole violator warrant or the

delay in conducting the institutional revocation hearing. Additionally, the U.S. Parole

Commission can properly re-open the petitioner's prior parole certification based on new

information and can properly consider the convictions and administrative violations committed

during the current period of parole. Accordingly, for the reasons stated below, the petitioner's

petition for a writ of habeas corpus should be summarily denied.[1]

## PROCEDURAL HISTORY

On January 7, 1988, the Superior Court of the District of Columbia sentenced the

petitioner, Tony Robinson, to an aggregate term of 10 to 30 years of imprisonment for multiple

convictions of burglary in F 5651-87. See Exhibit A (Judgment and Commitment Order for

F5651-87). The D.C. Board of Parole paroled the petitioner on July 21, 1995 and the petitioner

was to remain under parole supervision until the expiration of his sentence on August 21, 2017.

---

[1] Since the filing of the petitioner's habeas petition, the petitioner has been transferred to FDC Philadelphia in Philadelphia, Pennsylvania, where the warden is Troy Levi. At the time that the petitioner filed his petition, however, he was an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden Fred Figueroa. Warden Figueroa is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2720 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.)(same), cert. denied, 125 S.Ct. 448 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian'"). Nonetheless, the Court should strike the respondents named in the caption of the petitioner's petition, and substitute Warden Levi as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

<u>See</u> Exhibit B (Certificate of Parole).

On April 8, 1996, the D.C. Board of Parole issued a parole violator  warrant for the petitioner charging him with violating the law by committing the offense of assault. <u>See</u> Exhibits C (Warrant) and D (Statement of Alleged Parole Violation). Based on a finding that the petitioner had committed the offense of assault, the D.C. Board of Parole, on November 30, 1996, revoked the petitioner's parole. <u>See</u> Exhibit E (Notice of Board Order) and Exhibit F at p. 5 (Parole Determination Record).

On August 27, 1997, the petitioner was released on parole by the D.C. Board of Parole and was to remain under parole supervision until the expiration of his sentence on January 26, 2018.  <u>See</u> Exhibit G (Certificate of Parole).

On October 29, 2002, Community Supervision Officer (CSO) Darek Thomas advised the U.S. Parole Commission that, on July 4, 2002, the petitioner had been arrested in Arlington County, Virginia and charged with receiving stolen property.[2]  He further advised that the petitioner had been convicted of this offense and sentenced on August 22, 2002 to six months in jail and that the petitioner had completed this sentence on October 11, 2002. <u>See</u> Exhibit H (Report of Alleged Violation(s)).

On November 18, 2002, the Commission asked CSO Thomas to provide it with a copy of a report which contained a description of the petitioner's offense conduct for receiving stolen property. <u>See</u> Exhibit I (Letter dated 11/18/02).  The Commission did not receive a response to

---

[2]On August 5, 1998, the U.S. Parole Commission assumed jurisdiction over District of Columbia Code Offenders through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a)("Revitalization Act").

its request, nor did it receive any additional reports until June, 2005.

On June 28, 2005, CSO Thomas advised the Commission that the petitioner had violated the conditions of his parole by using drugs on at least 25 occasions from February 12, 2002 to June 20, 2005, by failing to report for drug testing on at least 19 occasions from April 4, 2002 to June 27, 2005, by committing the offense of "No Permit" on July 27, 2000,  and committing the offense of receiving stolen property on July 4, 2002, which had previously been reported to the Commission in 2002.  See Exhibit J at p. 2 (Alleged Violation(s) Report). He also advised the Commission that, on July 11, 1996, during the petitioner's previous period of parole, the petitioner had been arrested in Maryland for the offense of burglary and that the petitioner had been sentenced on December 13, 2002 to a 10 year suspended prison term, and placed on unsupervised probation for one year.  Id. CSO Thomas recommended that the Commission issue a parole violator warrant for the petitioner. Id. at p. 3.

On July 28, 2005, the Commission requested documentation containing a description of the offense conduct for the petitioner's arrests in Maryland in 1996 for burglary and in Virginia in 2002 for receiving stolen property from the U.S. Probation Offices in those respective districts. See Exhibit K (Letters dated 7/28/05).

On August 2, 2005, CSO Thomas advised the Commission that the petitioner had continued to violate the conditions of his parole by failing to report for an appointment with the CSO on June 29, 2005, by not providing his new address, and by failing to stay in contact with the CSO since June 22, 2005. See Exhibit L (Addendum to Alleged Violation(s) Report). The CSO again recommended that the Commission issue a parole violator  warrant for the petitioner. Id. at p. 2.

-4-

On August 5, 2005, the U.S. Probation Office in the Eastern District of Virginia responded to the Commission's request for information by providing a police report for the petitioner's arrest on July 3, 2002 for receiving stolen property.  See Exhibit M (Letter dated 8/5/05).  On August 24, 2005, the U.S. Probation Office in the District of Maryland responded to the Commission's request for information by providing information concerning the petitioner's arrest in 1996 for burglary. See Exhibit N (Letter dated 8/24/05).

On September 29, 2005, the Commission re-opened the petitioner's case in order to consider the new information it had received that petitioner had committed the offense of burglary while on parole in May 1996, a charge of which the D.C. Board of Parole was unaware and, therefore, did not consider when it conducted his revocation hearing in October 1996. See Exhibit O (Notice of Action). The Commission determined that, upon his return to federal custody, there would be a combined hearing. The first portion of the hearing would be to consider whether his previous order of parole should be cancelled as a result of his 1996 arrest in Maryland and the second portion of the hearing would be to consider the alleged violations that occurred during his current period of parole. Id.

On September 27, 2005, the Commission issued a parole violator warrant for the petitioner. See Exhibit P (Warrant).  Under the heading, "Cancellation Charge," the Commission charged the petitioner with committing the offense of burglary during the previous period of parole (July 21, 1995 until September 13, 1996). See Exhibit Q at pp. 1-2 (Warrant Application). Under the heading "Revocation Charges," the Commission charged the petitioner with failing to submit to drug testing, using dangerous and habit forming drugs, committing the offense of receiving stolen property, and failing to report a change in his residence to his CSO. Id. at p. 2.

On October 18, 2005, the U.S. Marshals Office, District of Columbia, executed the

Commission's warrant. See Exhibit R (Warrant Execution).

Because the petitioner was not entitled to a local revocation hearing based upon his

conviction for receiving stolen property, the Commission requested, on January 25, 2006, that the

Bureau of Prisons designate the petitioner to a federal institution so that the petitioner could be

given an institutional revocation hearing as soon as possible. See Exhibit S (Letter dated

1/25/06).  On February 23, 2006, the petitioner arrived at the Federal Detention Center,

Philadelphia, Pennsylvania and the Federal Public Defender Service has been contacted in order

to schedule the petitioner's revocation hearing at the Federal Detention Center.  See Exhibit T

(Inmate History) and Exhibit U (Email from USPC).

## ARGUMENT

### I.    PETITIONER IS NOT ENTITLED TO A PROBABLE CAUSE AND LOCAL REVOCATION HEARING.

The petitioner argues that, even though he was convicted of a crime that he committed

while on parole, he is nonetheless entitled under due process to a "preliminary/probable cause

hearing" so that he can obtain discovery material and request a local revocation hearing at which

he would have an opportunity to confront adverse witnesses.[3]  However, because of the

petitioner's conviction for a crime committed while he was on parole, he is not entitled to either a

probable cause hearing or a local revocation hearing.

 A conviction for a crime committed on parole establishes probable cause to believe that a

_____

[3] The petitioner spends a portion of his argument discussing the parole violation charges
and his proposed defense to each charge. To the extent that the petitioner is challenging the
Commission's consideration of these charges, the issue is not yet ripe for review because the
Commission has not yet conducted the petitioner's revocation hearing.

parolee has violated the conditions of his parole and, therefore, negates the need for a probable

cause hearing. See 28 C.F.R. § 2.101(h) ("Conviction of any crime committed subsequent to

release by a parolee shall constitute probable cause for the purposes of this section, and no

probable cause hearing shall be conducted unless a hearing is needed to consider additional

violation charges that may be determinative of the Commission's decision whether to revoke

parole."); Moody v. Daggett, 429 U.S. 78, 86 n.7 (1976) (conviction gives parole authority

probable cause to believe that the parolee has committed conduct which constitutes a violation of

parole); Rose v. Bledsoe, 2005 WL 2372156, *3 (W.D. Va. Sept. 23, 2005) (probable cause

hearing not required because petitioner had been convicted of new crime).

     Moreover, a conviction for a crime committed while on parole clearly establishes a

violation of the fundamental parole condition that the parolee not violate any law and ends the

parolee's right to contest the violation at his revocation hearing. See Morrissey v. Brewer, 408

U.S. 471, 490 (1972) ("parolee cannot relitigate issues determined against him in other forums, as

in the situation presented when the revocation is based on a conviction of another crime");

Spotted Bear v. McCall, 648 F.2d 546, 547 (9th Cir. 1980) (offender cannot relitigate the state

conviction in the revocation proceeding); Frick v. Quinlin, 631 F.2d 37, 39 (5th Cir. 1980) (parolee

cannot collaterally attack conviction upon which his revocation is based).[4]

     Subject to some exceptions not relevant here, if a District of Columbia Code parolee is

convicted of a crime while on parole, the Commission may conduct the revocation hearing at an

---

[4]After the petitioner arrives at the institution that has been designated for his revocation
hearing, he will receive disclosure of the information which the Commission intends to consider
at his revocation hearing, i.e., "discovery material." See 28 C.F.R. § 2.103(d).

institution that is not in the same place as the violation behavior, i.e., an institutional hearing and not a local revocation hearing.  See 28 C.F.R. § 2.102(d); see also Villarreal v. U.S. Parole Comm'n., 985 F.2d 835, 839 (5th Cir. 1993) (local revocation hearing not required if parolee is convicted of a crime while on parole or admits to violating the conditions of his parole); Coronado v. U.S. Board of Parole, 551 F.2d 275, 277 (10th Cir. 1977) (violator convicted of intervening crime is not entitled to local revocation hearing, but has right to present mitigating circumstances to the Board at the institutional hearing); Gaddy v. Michael, 519 F.2d 669, 673 n.5 (4th Cir. 1975), cert. denied, 429 U.S. 998 (1976); 18 U.S.C. § 4214(c) (with regard to federal prisoners, the Commission may conduct the revocation hearing at an institution for a parolee convicted of a crime committed while on parole); cf John v. U.S. Parole Comm'n., 122 F.3d 1278, 1284 (9th Cir. 1997) (petitioner convicted of subsequent crime not entitled to a local revocation hearing but must be afforded opportunity, at the institutional hearing, to challenge facts upon which Commission's revocation decision will be based).[5]  Because the petitioner has been convicted of a crime while on parole, no probable cause hearing was required and he is properly scheduled for an institutional hearing.

## II.    THE COMMISSION'S REGULATIONS EXPRESSLY AUTHORIZE IT TO CHARGE PETITIONER WITH CRIMINAL CONDUCT COMMITTED DURING A PREVIOUS PERIOD OF PAROLE.

The petitioner argues that the parole violator warrant is invalid because it includes a

---

[5]If a parolee has been convicted of a criminal charge, but has been charged with another, more serious, unadjudicated criminal charge, because the more serious charge may be determinative of the Commission's decision regarding revocation and the time that the parolee may be required to serve before reparole, the parolee would be eligible for a local revocation hearing if he denied the more serious charge and requested the presence of one or more adverse witnesses regarding that contested charge. See 28 C.F.R. § 2.102(c). This is not the case with the petitioner.

parole cancellation charge for the offense of burglary that the petitioner committed during a previous period of parole. He claims that CSO Thomas knew that he had been convicted of burglary in 2002, but chose not to "violate" the petitioner, and, therefore, the Commission should not consider this charge. However, a supervision officer's knowledge is not the controlling factor in this regard. The Commission is allowed to re-open the petitioner's case based on information that was not previously considered by the D.C. Board of Parole or the Commission.

Under 28 C.F.R. § 2.28(f), the Commission may re-open a case when it receives "new and significant adverse information."  This regulation gives the Commission the authority to re-open a case to consider new information that would have resulted in a different decision had the information been presented to the Commission at the time of the hearing. See Davis v. Brown, 311 F.Supp.2d 110, 113 (D.D.C. 2004) (holding that new information "broadly encompasses previously existing information that was not considered at the initial hearing") (internal quotation marks omitted) (emphasis in original); see also Frassetto v. Perrill, 955 F.2d 176, 178 (2nd Cir. 1992) (collecting cases); Lewis v. Beeler, 949 F.2d 325, 329 (10th Cir. 1991) (Commission's function is to " make the best possible determination of a prisoner's parole risk based on a continuing evaluation"), cert. denied, 504 U.S. 922 (1992); Fardella v. Garrison, 698 F.2d 208, 211 (4th Cir. 1982) (Commission is not an investigative agency and may review new information that was not considered at the initial hearing, even if it was in existence at the time of the original hearing).

Under 28 C.F.R. § 2.30, which has been made applicable to D.C. Code offenders pursuant to 28 C.F.R. § 2.89,  "[i]f evidence comes to the attention of the Commission after a prisoner's release that such prisoner has . . . engaged in any criminal conduct during the current sentence

prior to the delivery of the parole certificate," the Commission may re-open the case and conduct a hearing to consider that information "to determine whether the order of parole should be cancelled."

In the petitioner's case, the Commission received information in 2005 that the petitioner had been convicted in 2002 of a burglary that he had committed in 1996 while on a previous period of parole. The petitioner's involvement in this burglary was not known to the D.C. Parole Board in 1996 when it conducted his revocation hearing and decided to re-parole the petitioner based solely on a charge of assault. Thus, the Commission is well within its authority to re-open the petitioner's case when it received the new information, and to schedule a hearing to determine whether the petitioner would have been required to serve additional time had the information been known to the D.C. Board of Parole.

## III. THE PAROLE COMMISSION HAS PROPERLY CHARGED PETITIONER WITH A CRIME THAT HE COMMITTED WHILE ON THE CURRENT PERIOD OF PAROLE.

The petitioner argues that the Commission's latest violator warrant violates his due process rights because the petitioner was allegedly told by CSO Thomas that his 2002 conviction for receiving stolen property would not be used as a basis for revoking his parole, because of the delay in the issuance of the parole violator warrant , and because he has already served a prison sentence for this conviction.

### A. The Commission is not estopped from considering petitioner's criminal offense based upon alleged statements made by petitioner's supervision officer.

Even if CSO Thomas had promised the petitioner that his 2002 conviction for receiving stolen property would not be considered by the Commission as a basis for revoking the

-10-

petitioner's parole, CSO Thomas did not have the authority to make such a promise and, in any event, his purported representations would not be binding on the Commission. See White v. U.S. Parole Commission, 856 F.2d 59, 60 (8th Cir. 1988) ("only the Parole Commission, not a parole officer, is authorized to make parole revocation determinations"); Lester v. Marberry, 2005 WL 1349106, *4 (E.D. Mich. May 31, 2005) (officer's promise of hearing within 45 days instead of the required 60 days did not bind the Commission); cf. Udall v. Oelschlaeger, 389 F.2d 974, 977 (D.C.Cir.) (the general rule is that "the Government is never disabled from protecting the public interest by reason of the past mistakes of its agents"), cert. denied, 392 U.S. 909 (1968); District of Columbia v. Gould, 852 A.2d 50, 56 (D.C. 2004) (estoppel can rarely be asserted against the government); McQuerry v. U.S. Parole Comm'n., 961 F.2d 842, 846 (9th Cir. 1992) (Parole Commission not estopped from correcting error when there was no affirmative government misconduct and no detrimental reliance); State of Michigan v. City of Allen Park, 954 F.2d 1201, 1217 (6th Cir 1992) (requiring, at a minimum, some affirmative misconduct of government agent to apply the estoppel doctrine to the government); Keener v. Eastern Assoc. Coal Corp., 954 F.2d 209, 214 n.6 (4th Cir. 1992) (declining to find equitable estoppel against the government absent a showing of affirmative misconduct); Russie v. U.S. Department of Justice, 708 F.2d 1445, 1448 (9th Cir. 1983) (holding that Commission was not estopped from acting on warrant despite parole officer's mistaken order of discharge because petitioner failed to demonstrate affirmative government misconduct and failed to establish prejudice).[6]  Because the petitioner has not shown affirmative government misconduct nor a prejudicial change in position because of the

---

[6]It is not likely that CSO Thomas made such a promise given that he notified the Commission of this conviction in 2002 and later in 2005 actually requested a warrant on the basis of this conviction and other violations. See Exhibits H and J.

supervision's officer purported mistake, the Commission is not estopped from considering the petitioner's 2002 conviction.

**B.    The Commission's delay in issuing a warrant for petitioner does not preclude it from considering the conduct at a revocation hearing.**

There is no merit to the petitioner's claim that the Commission is precluded from considering his conviction for receiving stolen property because of a delay between his conviction in 2002 and the issuance of the parole violator warrant in 2005.

The Parole Commission is not required to revoke parole immediately after a parolee's violation of the conditions of his parole. See Morrissey v. Brewer, supra, 408 U.S. at 479 (parole is not revoked until the "violations are so serious and continuing so as to indicate the parolee is not adjusting properly and cannot be counted on to avoid anti-social activity"). Instead, the Commission may revoke a parolee's parole at a later time based on the violations if it concludes that revocation is necessary for the protection of the public. See White v. U.S. Parole Comm'n., 856 F.2d 59, 61 (8th Cir. 1988) (the Commission's original decision not to issue a warrant was reasonable but also was subject to re-evaluation in light of additional and similar violations that the parolee later committed). The Commission's regulations also specifically provide for a delay in the issuance of a warrant until the "frequency or seriousness of the violations, in the opinion of the Commission, requires such issuance." 28 C.F.R. § 2.98(c).  Furthermore the regulations require that a parole violator warrant shall be accompanied by a statement of the charges against parolee. 28 C.F.R. § 2.98(f).

The Commission requested a description of the charges in 2002. See Exhibit K.  However, the Commission did not receive a description of the charges until 2005 and, by this time, there

-12-

were numerous other alleged violations by the petitioner. <u>See</u> Exhibits M, N, Q at p. 2. Once the Commission was provided with the description of the 1996 arrest for burglary and the 2002 arrest for receiving stolen property, along with a description of the other numerous administrative violations, the record reflects that the Commission acted with reasonable diligence in issuing a warrant for the petitioner. <u>See</u> <u>Fardella v. Garrison</u>, <u>supra</u>, 698 F.2d at 211 (Commission is not obligated to investigate and supplement its records). Therefore, the delay between the petitioner's 2002 conviction and the issuance of the warrant was not unreasonable.[7]

While the petitioner argues that the delay in the issuance of the warrant has prejudiced his defense to the revocation charges because he may not be able to locate adverse witnesses to testify concerning the criminal offense at his revocation hearing, as discussed, <u>supra</u>, Section I, the petitioner can not relitigate the fact of his criminal convictions. Thus, the petitioner has not proven that the delay was unreasonable or that he has been prejudiced. <u>See</u> <u>Cortinas v. U.S. Parole Comm'n.</u>, 938 F.2d 43, 45 (5th Cir. 1991) (petitioner did prove prejudice due four-year delay between offense and issuance of parole violator warrant and noted prejudice could not be shown because of other subsequent violations); <u>White v. U.S. Parole Comm'n.</u>, <u>supra</u>, 856 F.2d at 61 (lapse of time between charges and issuance of the warrant not unreasonable because it was not the result of unfair tactics by the Commission and petitioner failed to prove prejudice).

The petitioner also argues that the delay in the issuance of the warrant was prejudicial because it prevented him from having the opportunity to have his state sentence run concurrently with any time that he would be required to serve for the parole violations. This claim has no merit

---

[7]The petitioner's claim that there was a delay in the execution of the warrant once it was issued by the Commission is incorrect. The record reflects that the warrant was executed 22 days after it was issued.

because it is well settled "that the right to concurrence of sentence is a matter exclusively in the

province of the Board and delay on the part of the Board in executing the warrant will not support

a claim of prejudice consisting of a loss of opportunity for concurrence of sentence." <u>Gaddy v.</u>

<u>Michael</u>, <u>supra</u>, 519 F.2d at 678; <u>see</u> <u>Tijerina v. Thornburgh</u>, 884 F.2d 861, 864 (5th Cir. 1989)

(Parole Commission has exclusive jurisdiction to decide whether the parole violator term will run

concurrently or consecutively with the sentence for a crime committed while on parole); <u>United</u>

<u>States v. Papich</u>, 1989 WL 117836, *1 (4th Cir. 1989) ("It is well established that the Parole

Commission has the authority to determine whether an individual will serve the remainder of his

paroled sentence concurrently or consecutively with a sentence for a subsequent crime."); <u>Heath v.</u>

<u>U.S. Parole Comm'n.</u>, 788 F.2d 85, 91-92 (2nd Cir.) (the Commission may determine whether all

or any part of the unexpired parole term will run concurrently or consecutively), <u>cert. denied</u>, 479

U.S. 953 (1986); <u>Hicks v. U.S. Board of Paroles and Pardons</u>, 550 F.2d 401, 404 (8th Cir. 1977)

("matter of concurrency of sentence is a matter exclusively in the province of the Board"); <u>Payne-</u>

<u>El v. Haynes</u>, 2003 WL 23976674, *8 (N.D. W.Va June 25, 2003) (Commission has the power to

run sentence consecutively or grant retroactively the equivalent on concurrent sentences), <u>aff'd.</u>,

102 Fed.Appx.835 (4th Cir. 2004). Therefore the petitioner has not shown prejudice due to the

delay in the issuance of the warrant.

> **C.    The Commission may charge petitioner with a criminal offense even though he has already served a  prison term imposed for that offense.**

To the extent that the petitioner is claiming that the Commission's consideration of his

conviction for receiving stolen property subjects him to double jeopardy because he has already

served a prison sentence for committing the offense, there is no merit to his claim. The Double

Jeopardy Clause only applies to criminal prosecutions. See Hudson v. United States, 522 U.S. 93, 100 (1997) (stating that the Double Jeopardy Clause protects against the imposition of multiple criminal punishments for the same offense in successive proceedings). Double jeopardy principles do not apply to parole revocation proceedings. See Maddox v. Elzie, 238 F.3d 437, 447 (D.C. Cir.) (the prohibition against double jeopardy, and other doctrines which bind courts, does not apply to the Parole Board), cert. denied, 534 U.S. 836 (2001); see also Jones v. United States, 669 A.2d 724, 727 (D.C. 1995) (hearing for revocation of supervised release, like parole revocation hearing, is a continuation of the criminal prosecution for the original offense and jeopardy on a new offense would not apply); Hardy v. United States, 578 A.2d 178, 181 (D.C. 1990) (facts supporting a conviction may also be used to support revocation of parole without violating the Double Jeopardy Clause); United States v. Hanahan, 798 F.2d 187, 189-90 (7th Cir. 1986) (holding that the protections of the double jeopardy clause are not triggered by revocation of parole); Garcia v. United States, 769 F.2d 697, 700 (11th Cir. 1985) (same); Priore v. Nelson, 626 F.2d 211, 217 (2d Cir. 1980) (same). Therefore, the Commission is authorized to consider the petitioner's criminal conduct while on parole, even though he has already served a prison sentence imposed by the State of Virginia for the same conduct.

## IV.    PETITIONER IS NOT ENTITLED TO RELEASE BECAUSE OF A DELAY IN THE REVOCATION HEARING.

An institutional  revocation hearing is to be conducted within 90 days of the execution of the Commission's warrant. See 28 C.F.R. § 2.101(e).  Respondents admit that there has been a delay in conducting the revocation hearing, but delay, standing alone, does not entitle the petitioner to release from prison. See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983)

(holding that thirty-three month delay in conducting revocation hearing did not entitle prisoner to release). Although the petitioner did not receive his revocation hearing with the Commission in a timely manner, the institutional revocation hearing is in the process of being scheduled with the Federal Public Defender Service and therefore, the petition will shortly become moot. See Walker v. Henderson, 912 F.Supp. 1, 3 (D.D.C. 1996) (no longer a case or controversy to litigate when prisoner has achieved objective of petition); Thomas v. U.S. Parole Comm'n., 1992 WL 193695, *3 (D.D.C. 1992) (case moot where petitioner, who complained of delayed revocation hearing, had received fair hearing, the only remedy to which he was entitled). In any event, the petitioner has not and cannot demonstrate any prejudice as a result of the delay.

The law is well established that the remedy for a delayed parole revocation hearing is for the U.S. Parole Commission to conduct a hearing. See Sutherland v. McCall, supra, 709 F.2d at 732 (remedy is to compel a hearing, not to compel release on parole or extinguish remainder of sentence); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1185 (8th Cir. 1990) ("[T]he only remedy available when the Commission fails to hold a timely hearing is . . .to require the Commission to give the petitioner a fair hearing"); Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir. 1977) (proper remedy is to compel a decision by the Commission, not to release the prisoner from custody); Lantion v. U.S. Parole Comm'n., 2005 WL 758270, *1 (D.D.C. April 1, 2005) ("if a parole revocation hearing is untimely, the available remedy is a writ of mandamus directing the Parole Commission to conduct a hearing").

The alleged parole violator is entitled to release on a writ of habeas corpus only if he can meet his burden of establishing "actual prejudice" arising from an unreasonable delay, i.e., that the delay "prejudiced his defense at the revocation hearing." See, e.g, Sutherland v. McCall, supra,

709 F.2d at 733 (petitioner failed to show that thirty-three month delay prejudiced his defense); Farmer v. U.S. Parole Comm'n., 2005 WL 354007, *1 (D.D.C. Feb. 14, 2005) (petitioner must demonstrate that delay was unreasonable and prejudicial); Crum v. U.S. Parole Comm'n., 814 F.Supp. 1, 3 (D.D.C. 1993) (same). Delay, standing alone, does not entitle the petitioner to release from prison. Rather, the prejudice that the petitioner must demonstrate refers to prejudice suffered by an alleged parole violator in preparing or presenting his defense to the revocation charges due to the loss of witnesses or evidence as a result of the delay. See Villarreal v. U.S. Parole Comm'n., 985 F.2d 835, 837 (5th Cir. 1993) (parolee must show actual prejudice was caused by unreasonable delay); Cortinas v. U.S. Parole Comm'n., supra, 938 F.2d at 45 (habeas petition denied where the petitioner failed to assert his ability to present facts or contest the violation was affected by the delay); United States v. Wickham, 618 F.2d 1307, 1310 (9th Cir. 1979) (requiring demonstration of prejudice by showing impaired ability to contest alleged violation or showing adverse affect upon ability to present favorable evidence at probation revocation hearing); Gaddy v. Michael, supra, 519 F.2d at 673 (mere lapse of time or delay, without more, does not violate the due process of a parolee); Northington v. U.S. Parole Comm'n., 587 F.2d 2, 3 (6th Cir. 1978) (parolee must demonstrate prejudice that is severe enough to render the provision of a revocation hearing inadequate in terms of relief).

Since the petitioner cannot collaterally attack his convictions at the revocation hearing and because the petitioner has not demonstrated that his ability to defend himself against the administrative charges has been substantially impaired by any delay in conducting this hearing, the petitioner has not demonstrated the requisite prejudice. Because his institutional revocation hearing is currently being scheduled with Federal Public Defender Service, his claim should be summarily

denied.

## CONCLUSION

Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas corpus

should be summarily denied.

A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____/s/_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____/s/_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Opposition has been electronically
filed with the Court and has been served by mail upon the petitioner, Tony Robinson, Fed. Reg.
No. 28278-016, FDC Philadelphia, Federal Detention Center, P.O. Box 562, Philadelphia, PA
19106, this 16th day of March, 2006.

_____/s/_____
Sherri L. Berthrong
Assistant United States Attorney