# **EXHIBIT J**

**Court Services and Offender Supervision Agency
for the District of Columbia**

*Community Supervision Services
Branch IIB, General Supervision*

## Alleged Violation(s) Report

June 28, 2005

| | | | |
|---|---|---|---|
| **TO:** | The United States Parole Commission<br>Deirdre Jackson<br>5550 Friendship Boulevard<br>Chevy Chase, MD 20815-7286 | | |
| **FROM:** | Darek Thomas | **Unit:** | General Supervision Unit<br>IIB - Team 31 |
| | Community Supervision Officer | **Telephone:** | 202-585-7880 |
| **Please send all inquiries to:** | 1418 Good Hope Road, SE<br>Washington, DC 20020-5615 | **Fax:** | 202-585-7840 |
| | | **Email:** | darek.thomas@csosa.gov |
| **SUBJECT:** | Non-Compliance with Parole | | |
| **DOCKET:** | F-5651-87 | | |
| **Offender:** | TONY T ROBINSON<br>214 33rd St. NE Washington DC 20019 | | |
| **FEDREG #:** | | | |
| **FBI #:** | 218202EA3 | | |
| **DCDC #:** | 221-495 | | |
| **PDID #:** | 288-292 | | |



US PAROLE
JUL - 6 2005
COMMISSION

**Action Recommended:** Warrant

### SENTENCING INFORMATION

Mr. TONY ROBINSON is a 43 year-old male who was sentenced on January 7, 1988 to serve a period of incarceration of 10 years to 30 years for the offenses of Burglary I (2cts.) and Burglary II (2cts.). The offender was paroled on August 27, 1997 to a State of Virginia Detainer. It appears that Washington DC picked up supervision of the offender on January 18, 2000. The offender has a full term date of January 26, 2018.

### ALLEGED VIOLATION(S)



EXHIBIT
J

03/03/06 09:57 FAX 301 492 5563   US PAROLE COMMISSION                                              ⌀022
Case 1:05-cv-02487-CKK    Document 12-12    Filed 03/16/2006    Page 3 of 4

Court Services and Offender Sup___ sion Agency                                              Page 2

Since supervision, the offender is alleged to have committed the following violation(s):

Illegally Used Control-Danger Substance Cocaine on 2/12/02, 2/14/02, 2/19/02, 2/21/02, 2/26/02, 3/5/02, 4/16/02, 2/4/03, 11/21/03, 2/13/04, 2/17/04, 3/2/04, 2/4/05, 2/18/05, 2/25/05, 3/9/05, 3/11/05, 3/14/05, 3/21/05, 3/25/05, 3/28/05, 4/22/05, 4/25/05, 6/17/05, and 6/20/05. The attached DTMS report evidences the use of cocaine. The positive urine on 3/11/05 was confirmed by GCMS as cocaine metabolite (benzoylecgonine) by Dr. James Jones (see attached).

Failed to Report for Drug Testing on 4/4/02, 4/18/02, 4/23/02, 7/8/04, 7/10/02, 2/3/03, 8/21/03, 1/12/04, 1/14/04, 2/10/04, 2/27/04, 5/18/04, 2/11/05, 3/4/05, 3/18/05, 4/18/05, 6/13/05, 6/24/05, and 6/27/05. The attached DTMS report evidences the failures to report for drug testing.

Violated The Law on 7/11/96 the offender was charged with Burglary I in Montgomery County Maryland. The offender failed to appear in court on 9/19/96 and a Bench warrant was issued. The Bench warrant was executed on 10/8/02 and on 12/13/02 the offender was sentenced to 10 years execution of sentence suspended all and placed on 3 years unsupervised probation. The attached supervision order evidences the offense.

Violated The Law on 7/27/00 the offender was charged with the traffic offense of No Permit. A Bench Warrant was issued for the offender on 10/18/00. The warrant was executed on 4/13/01. The offender was sentenced to 10 days execution of sentence suspended all and placed on unsupervised probation for 1 year. The attached CIS case summary evidences the offense.

Violated The Law on 7/4/02 the offender was charged with Receiving Stolen Property in Arlington Virginia. On 8/22/02 the offender was convicted and sentenced to 12 months execution of sentence suspended 6 months. The offender was released from custody on 10/11/02 with no further parole or probation responsibility in Virginia. The attached case details evidence the offense.

[redacted]

The offender overall compliance has been poor. The offender has been given numerous opportunities to remain on supervision but has continued commit violations. The following sanctions have been imposed: increased drug testing, increased supervision level, SCSO conference, daily sanction reporting, outpatient treatment, and inpatient treatment.

The offender entered the Seton House for inpatient treatment on 4/29/02. The offender completed the inpatient component of the program on 5/27/02. The offender failed to complete the outpatient component of the program due to being re-arrested and serving time in Arlington Virginia. The offender was again referred to CIT for another assessment after relapsing in February of 2004. On March 22, 2004 CIT recommended outpatient treatment thru the Next Step program for the offender. The offender entered the Next Step outpatient program on 5/26/04 and completed the outpatient program on 9/8/04. The offender experienced another relapse in February of 2005. The offender was advised by this writer to enter detoxification with

03/03/06  09:58 FAX 301 492 5563     US PAROLE COMMISSION                                 ☒023
Case 1:05-cv-02487-CKK    Document 12-12    Filed 03/16/2006    Page 4 of 4

Court Services and Offender Sup___ion Agency                                          Page 3

subsequent placement into an inpatient drug program. The offender chose to not accept the advice and instead sought outpatient treatment with Kaiser Permanente thru his Employee Assistance Program. The offender was also advised that his next relapse would result in an AVR being submitted to the USPC. The offender submitted 6 positive urines and missed 5 groups before completing the 15-session program on 4/13/05. SCSO Conference was held on 3/31/05 where again the offender was made aware of what was expected from him and the consequences of non-compliance.

The offender resided at 214 33rd St NE, Washington, DC 20019 with his girlfriend ███████ ████████ from 1/7/02 until 6/5/05 when the girlfriend put him out. The offender is currently looking for a new DC address. The offender was informed that he could not reside in Waldorf Maryland with his cousin ██████████. The last home visit was conducted on 6/22/05. The offender was sitting outside of his former address. The offender until this point has not informed this writer that he had been put out of the home.

As of this writing the offender was still employed with the Department of Public Works. The offender has been employed with DPW since 3/17/03 working out of the Motor Pool.

**RECOMMENDATION**

This Community Supervision Officer concludes that the offender poses a high risk.
Therefore, this Community Supervision Officer is respectfully requesting a Warrant.

Respectfully submitted,

_____
Darek Thomas
Community Supervision Officer
Telephone Number: 202-585-7880

6-28-05
(Date)

Approved by:

_____
Joel Azikiwe
Supervising Community Supervision Officer
Telephone Number: (202) 585-7802

6-28-05
(Date)