UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tony Robinson,

        Petitioner,

v.                                    Civil Action No. 05-2487 (CKK)

United States Parole
Commission, *et al.*,

        Respondents.

MEMORANDUM OPINION

In this *habeas corpus* action brought under 28 U.S.C. § 2241, petitioner challenges his custody stemming from his arrest for parole violations. He claims, *inter alia*, that the parole violator warrant issued by the United States Parole Commission ("USPC") is invalid and that the USPC has improperly delayed his revocation hearing. Upon consideration of the parties' submissions and the entire record, the Court finds no grounds for issuing the writ of *habeas corpus* and therefore will deny the petition.

I. BACKGROUND

The following facts taken from the respondents' opposition and supporting documentation (Exhibits 2-22) are undisputed. Petitioner is serving a sentence of 10 to 30 years' imprisonment imposed in 1988 by the Superior Court of the District of Columbia for multiple counts of Burglary. The District of Columbia Board of Parole first released petitioner to parole supervision on July 21, 1995; it revoked petitioner's parole on November 30, 1996. Petitioner was again released to parole supervision on August 27, 1997, under which he was to remain until the expiration of his sentence on January 26, 2018. In October 2002, the USPC, having assumed

parole jurisdiction over District of Columbia felons, was notified of petitioner's conviction in August 2002 for receiving stolen property. Petitioner was sentenced to six months confinement in Arlington County, Virginia. He completed that sentence on October 11, 2002. In November 2002, the USPC requested from petitioner's parole officer, Community Supervision Officer Darek Thomas, a copy of a report describing the Virginia offense, but to no avail.

In June 2005, Thomas recommended to the USPC that a parole violator warrant be issued based on multiple alleged violations occurring between 2002 and 2005. They included the Virginia conviction, 25 counts of drug use, and 19 counts of failing to report for drug testing. *See* Res. Ex. J at 2. In addition, Thomas informed the USPC of a 1996 arrest in Maryland for a burglary charge for which petitioner was convicted and sentenced in December 2002 to a 10-year suspended term. *Id*. at 3. In July 2005, the USPC requested from the respective United States Probation Offices offense details supporting the Maryland and Virginia convictions. Each office complied in August 2005. Meanwhile, on August 2, 2005, Thomas notified the USPC about petitioner's alleged commission of an additional parole violation, failure to report to his parole officer, in June 2005, and again recommended that a warrant be issued. Res. Ex. L.

On September 27, 2005, the USPC issued a parole violator warrant for petitioner listing the 1996 burglary charge, the 2002 receiving stolen property charge, failure to submit to drug testing, the use of dangerous and habit forming drugs, and failure to report a change of residence. Res. Ex. Q. The warrant was executed on October 18, 2005.

Petitioner initiated this action on December 28, 2005, while confined at the Correctional Treatment Facility in the District of Columbia. He asserted that "at the time of this filing . . . petitioner has been incarcerated for 50 days without a preliminary hearing . . . ." Petition at 3, ¶ 3.

## II. DISCUSSION

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner claims that he was denied due process in violation of the Fifth Amendment when the USPC failed to provide a preliminary, probable cause hearing where he could have contested the charges. He also claims that the parole violator warrant was invalid because it was based on the 1996 conviction stemming from behavior committed while on a previous parole, and the 2002 conviction "for which petitioner has served his sentence, and has been released back on parole."[1] Petition at 4, ¶ 8.

A parolee has a Fifth Amendment liberty interest in maintaining his "conditional" freedom and therefore is entitled to due process prior to revocation. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). That entitlement, however, is limited to notice and an opportunity to be heard in a reasonably timely manner. *See id.* at 1421-24 (discussing *Morrissey* standards). To establish entitlement to *habeas corpus* relief based on delay, petitioner must show that the delay was unreasonable and prejudicial. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (citations omitted).

Contrary to petitioner's claim, the 1996 conviction did not form the basis of the revocation charge for violations of petitioner's current parole; rather, it was listed on the warrant

---

[1] Petitioner asserts, without any documentation, that Thomas told him that the 2002 conviction "would not be used/brought up later as a basis for parole revocation." Petition ¶ 9. Respondent rightly counters that even if true, "Thomas did not have the authority to make such a promise [which] in any event . . . would not be binding on the Commission." Oppos. at 11 (citing cases).

3

as a cancellation charge, Res. Ex. Q, for which a hearing would be held "to consider whether the [D.C. Board of Parole's] previous order of parole should be cancelled" and additional time imposed. Res. Ex. O (invoking 28 C.F.R. § 2.30).[2] Petitioner's Virginia conviction entered during his current parole provided sufficient probable cause to issue the arrest warrant. *See* 28 C.F.R. § 2.101(h) ("Conviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section"); *Moody v. Daggett*, 429 U.S. 78, 86, n.7 (1976) ( preliminary hearing not constitutionally required "because the subsequent conviction obviously [gave] the parole authority probable cause or reasonable ground to believe that the . . . parolee [had] committed acts that [] constitute[d] a violation of parole conditions") (internal citation and quotation marks omitted). Petitioner's claim of an invalid warrant therefore is baseless.

With respect to a preliminary hearing, petitioner was provided an institutional revocation hearing on March 16, 2006, after which the USPC revoked his parole and set a presumptive parole date of August 18, 2008. Federal Respondents' Supplemental Opposition to Petitioner's Petition for a Writ of Habeas Corpus, Ex. 1. In view of petitioner's convictions and the USPC's delay, through no apparent fault of its own, in receiving information about the underlying behavior, the consolidation of "the preliminary and final revocation hearings into a single proceeding [was] constitutionally permissible." *Ellis v. District of Columbia*, 84 F.3d at 1424; *Moody*, 429 U.S. at 86-89. Petitioner has not shown any prejudice arising from the five-month

---

[2] "If evidence comes to the attention of the Commission after a prisoner's release that such prisoner has . . . engaged in any criminal conduct during the current sentence prior to the delivery of the parole certificate, the Regional Commissioner may reopen the case pursuant to the procedures of § 2.28(f) and order the prisoner summoned or retaken for hearing pursuant to the procedures of §§ 2.49 and 2.50, as applicable, to determine whether the order of parole should be cancelled." 28 C.F.R. § 2.30.

delay between his arrest and the revocation hearing, and the delay was not unreasonable. *See Morrissey v. Brewer*, 408 U.S. at 488 (60 days from arrest to revocation hearing not unreasonable); *Sutherland v. McCall*, 709 F.2d at 732-33 (33-month delay not unreasonable where prejudice is not shown); *Long v. Gaines*, 167 F. Supp.2d 75, 89 (D.D.C. 2001) (65 days not unreasonable).

For the foregoing reasons, the Court finds no grounds for issuing the writ of *habeas corpus*. The petition therefore is denied. A separate Order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: Aug. 3, 2006

5